**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| DWELLING PLACE NETWORK, *et al.*, | : |
| Plaintiffs, | : Civil No. 20-6281 (RBK/AMD) |
| v. | : **ORDER TO SHOW CAUSE** |
| PHILIP D. MURPHY, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** coming before the Court upon the Motion (Doc. 4) of Plaintiffs for an *ex parte* temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue; and

**THE COURT NOTING** that Plaintiffs, which include four churches in southern New Jersey and their pastors, allege that Defendants, New Jersey state officials, violated several constitutional rights by implementing and enforcing several Executive Orders pertaining to the COVID-19 pandemic. Specifically, Plaintiffs allege that the Executive Orders' prohibition on religious gatherings over a certain size violates the First and Fourteenth Amendment; and

**THE COURT NOTING** that Plaintiffs have proposed measures that would allow them to hold regular religious services while maintaining social distancing guidelines established by the Centers for Disease Control, and that Plaintiffs request that this Court grant emergency injunctive relief that would allow religious services to proceed in the manner proposed; and

**THE COURT NOTING** that applications for emergency relief are governed by Local Civil Rule 65.1, which provides that "[a]ny party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint," but that "[n]o order to show cause . . . will be granted except on a clear and specific showing . . . of good and sufficient reasons why a procedure other than by notice of motion is necessary," L. Civ. R. 65.1(a); and;

**THE COURT NOTING** that under Federal Rule of Civil Procedure 65(b)(1)(B), the Court may issue an *ex parte* TRO only if "the movant's attorney certifies in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required," Fed. R. Civ. P. 61(b)(1)(B); and

**THE COURT OBSERVING** that Plaintiffs' Motion does not detail efforts made to give notice to Defendants; and

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why the Court should employ an expedited procedure under Local Rule 65.1, but that Plaintiffs have not shown that an *ex parte* TRO is appropriate here; and therefore

**IT IS HEREBY ORDERED** that Plaintiffs' Application is **GRANTED IN PART** and **DENIED IN PART** such that the Court will not issue an *ex parte* TRO but will employ an expedited procedure to hear this matter; and therefore

**IT IS FURTHER ORDERED** that:

1. Defendants show cause why a preliminary injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiff the following relief:

    Restraining Defendants from enforcing or otherwise requiring compliance with any prohibition on Plaintiffs' engagement in religious services, practices, or activities at which the Center for Disease Control's social distancing guidelines are followed.

2. Defendants must submit a brief on this issue of no more than forty ordinary typed pages, as set forth in Local Civil Rule 7.2, on or before 5:00 P.M. on Tuesday, June 2, 2020.

3. The Court shall hold a preliminary injunction hearing at 9:30 A.M. on Thursday, June 4, 2020. The hearing shall be held via Zoom videoconference. The Court shall provide the necessary Zoom link to counsel via email prior to the hearing.

4. If either party wishes to introduce testimony at the hearing, it must notify the Court and the other party at least 24 hours in advance of the June 4, 2020 hearing.

5. Plaintiff must serve a copy of this Order and the papers upon which it is based on Defendant on or before 5:00 P.M. on Thursday, May 28, 2020.


Dated: 5/26/2020                                             /s/ Robert B. Kugler
                                                                                      ROBERT B. KUGLER
                                                                                      United States District Judge