

**Ronald D. Coleman, Member**
*Admitted in New Jersey and New York*

rcoleman@lawfirm.ms
973.295.3654 Direct

New Jersey ● New York ● Florida ● Colorado

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

1270 Avenue of the Americas – Suite 1818
New York, New York 10020
212.776.1834 Main
www.lawfirm.ms

May 27, 2020

**BY ECF**

Hon. Robert B. Kugler, U.S.D.J.
United States District Court
Mitchell H. Cohen Building
4th & Cooper Streets
Camden, NJ 08101

Re:  ***Dwelling Place Network, et al. v. Philip D. Murphy, et al.***
        **Civil Action No. 1:20-cv-6281-RBK-AMD**

Dear Judge Kugler:

We represent plaintiffs in the referenced matter and write in response to what appears to be a letter motion by the Attorney General of New Jersey ("the State") on behalf of the defendants in this matter requesting a stay in this matter in favor of the resolution of a motion to consolidate this case with *Rev. Kevin Robinson & Rabbi Yisrael A. Knopfler v. Philip D. Murphy & Col. Patrick J. Callahan*, Civil Action No. 2:20-cv-5420-CCC-ESK before Judge Cecchi in Newark. Plaintiffs oppose the request, for the reasons set forth below.

As a preliminary matter, the "request" by defendants for a stay can only be construed as a motion, and all motions are subject to the requirements of L.Civ.R. 7.1 for the form of moving papers and briefs and the timing thereof.  Defendants' letter submission does not comply with virtually any of these provisions, which by the Rule's own terms apply to "all motions, regardless of their complexity and the relief sought."

Substantively, defendants' motion to stay also fails to forth a valid basis for the relief they seek. As a general rule, a party seeking a stay "must demonstrate a clear case of hardship or inequity . . ." *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424–25 (D.N.J 2003). As this Court explained further in *Herts Corp.*, "When a party asks the Court to stay a motion for *pendente lite* relief, however, the potential that a stay may render the party seeking that relief incapable of

Hon. Robert B. Kugler, U.S.D.J.
May 27, 2020
Page 2 of 2



obtaining relief tempers the Court's discretion in issuing the stay in the first place." The Court then went on to quote *Rolo v. General Development Corp*., 949 F.2d 695, 703–04 (3d Cir.1991):

> If a district court decides to stay proceedings for an indeterminate period and a party has competent and specific evidence tending to show that it will be unable to secure effective relief when the stay is terminated, the party in such jeopardy, in the absence of extraordinary circumstances, is entitled to have a motion for pendente lite relief considered on its merits.

Defendants have not made a showing of "extraordinary circumstances" justifying an indefinite delay of plaintiffs' pending motion for preliminary relief. Certainly, the question of consolidation is not, as the defendants suggest, merely ministerial. "The mere existence of common issues … does not require consolidation," *Liberty Lincoln Mercury, Inc. v.Ford Marketing Corp*., 149 F.R.D. 65, 80-81 (D.N.J. 1993) (citations omitted). The premise of defendants' motion to stay is that Judge Cecchi will grant their motion to consolidate, but there appear to be valid reasons for the *Robinson* plaintiffs as well as for our clients to oppose consolidation on the merits before Judge Cecchi. All affected parties should have the opportunity to fully brief and be heard on the serious matter of consolidation.

Yet both the stay requested, and consolidation, would cause undue and indeterminate delay in this matter, which this Court has **already** found was appropriate for expedited resolution under Local Rule 65.1. "It is within a district court's broad discretion to deny a motion to consolidate if it would cause delay in one of the cases . . ." *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005). Here the stay requested and adjudication of the motion to consolidate would actually delay **both** cases. While defendants have requested that Judge Cecchi rule on their motion on short notice, there is no briefing schedule for in place for that motion. That schedule, when set by Judge Cecchi, cannot be so short as to deprive the plaintiffs in *Robinson* the opportunity to oppose it, and as a matter of equity must consider as well that the *Robinson* plaintiffs are preparing their reply submissions regarding their injunction motion, which are due on June 1.

In contrast, again, this Court ruled in its order to show cause of May 26, 2020 that plaintiffs "have provided sufficient reasons why the Court should employ an expedited procedure under Local Rule 65.1." This ruling stands on well-established law favoring prompt preliminary relief for parties making a prima facie showing of irreparable harm by deprivation of their constitutional rights. Defendants have provided neither legal nor factual grounds in this Court for revisiting that ruling, much less for inserting what might be untold weeks of delay into the proceedings. This Court is on track to rule promptly on the urgent constitutional deprivations before it, and we respectfully submit that there is no proper basis to disturb that procedural posture.

Hon. Robert B. Kugler, U.S.D.J.
May 27, 2020
Page 2 of 2



      For these reasons, defendants oppose the request by defendants for an indefinite stay of proceedings.

Respectfully submitted,

Ronald D. Coleman