

| | *State of New Jersey* | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 116<br>TRENTON, NJ 08625-0116 | GURBIR S. GREWAL<br>*Attorney General* |
| SHEILA Y. OLIVER<br>*Lt. Governor* | | MICHELLE L. MILLER<br>*Director* |

May 29, 2020

**Via CM/ECF**
Hon. Robert B. Kugler, U.S.D.J.
United States District Court
4th & Cooper Streets
Camden, NJ 08101

      Re:    *Dwelling Place Network, et al., v. Philip D. Murphy, et al.*
              Civil Action No. 1:20-cv-6281-RBK-AMD

Dear Judge Kugler:

      The above-captioned case involves a challenge to the State's current limits on indoor gatherings, in particular as applied to indoor religious services, which were enacted in March as part of the State's response to the COVID-19 pandemic. As the Court is aware, the State's response to Plaintiffs' motion for preliminary injunctive relief is currently due on June 2, and the hearing is set for 9:30 a.m. on June 4. The State understands the Court's decision not to stay the matter generally, and it now requests this Court extend the briefing schedule by just 10 days—to June 12. The State offers additional explanation, as well, for the request.

      The State requests such an extension in light of comments by Governor Phil Murphy at today's daily briefing regarding COVID-19, in which the Governor stated publicly that:

> As long as our health metrics continue to trend in the right direction, I anticipate being able to raise the limits on indoor gatherings in a way that will allow for greater indoor religious services beginning the weekend of June 12. That's Friday June 12, that's two weeks from



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2776 • FAX: (609) 633-7434
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

> today. I and my administration will continue our deep partnership with our faith communities as we work through the proper safeguards that will need to be in place before we can welcome our communities back into their houses of worship.

Gov. Murphy COVID-19 Press Briefing (May 29, 2020), *available at* https://www.youtube.com/watch?v=Ol2YPn-pkSQ.

In light of this announcement, the State asks that it be permitted to respond to the pending motion for preliminary injunctive relief on June 12, the day by which it anticipates new rules will be in place governing indoor gatherings. This will allow Plaintiffs to first evaluate whether the new State rules for indoor gatherings resolve their claims, with benefits to the parties and to judicial efficiency. If the new rules do not address their claims, then this extension will allow the State to file briefs that reflect the current state of the law, rather than filing a brief on Tuesday to defend a law being amended, and to file a new brief 10 days later regarding the amended law. Notably, this updated request is limited in scope, and is no longer indeterminate, and thus not as risk of being an effective denial of preliminary relief. *See Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 703-04 (3d Cir. 1991). Second, granting this request will address a clear hardship the State would otherwise face—a need to address multiple rounds of briefing even as the State is continuing to engage in its imminent reopening plan, including as it relates to indoor gatherings.

Importantly, this short extension would also allow the District Court that is overseeing *Robinson v. Murphy* to resolve the pending consolidation motion in the interim. As courts have previously recognized, considering a motion for preliminary relief in a second-filed case (like this one) before the court overseeing the first-filed action "decides the motion for consolidation" deprives the State "of the opportunity to obtain the benefits of ... consolidation." *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003). After all, should the preliminary relief motion be decided first, a State "potentially would have conflicting decision by this Court and the transferee court, if [the latter] grants the motion, thereby decreasing a primary benefit of consolidation, namely consistent rulings on important pretrial legal issues. This may be a hardship unique to actions where both a motion for a preliminary injunction and a motion to consolidate are pending concurrently; but it is a hardship nonetheless, and it weighs in favor of a stay." *Id.*

This short extension would not work significant harm on Plaintiffs. Plaintiffs' challenge to Governor Murphy's Executive Order 107 (Mar. 21, 2020), *see* Compl.

¶21, comes *two months* after the provisions of that and related Executive Orders have been in effect. It is well accepted in this District that "delay in filing" for preliminary relief "undermines" such claims. *Doris Behr 2012 Irrevocable Trust v. Johnson & Johnson*, No. 19-8828, 2019 WL 1519026, *4 (D.N.J. 2019); *see also, e.g., Pharmacia Corp. v. Alcon Labs.,* 201 F. Supp. 2d 335, 382 (D.N.J. 2002) (a delay can "knock[] the bottom out of any claim of immediate and irreparable harm," and is a "dispositive basis" for rejecting a preliminary injunction). By the same logic it also undermines Plaintiffs' arguments that they must have resolution in a matter of days—rather than to allow the State to take an additional week and a half to brief its response in light of pending changes to the governing law and a pending motion to consolidate. The State does not dispute that Plaintiffs are impacted by the inability to gather in large groups—which is why the State would never impose such rules outside of an emergency—but it is in the midst of implementing a careful reopening process of lifting restrictions where the data permits it, including imminent changes to its rules governing indoor gatherings.

Thank you for the court's consideration of this matter.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By:   /s/ Daniel M. Vannella
      Daniel M. Vannella (0159222007)
      Assistant Attorney General

cc: All counsel of record