**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| DWELLING PLACE NETWORK, *et al*., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PHILIP D. MURPHY, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |
| | : |

Civil No. 20-6281 (RBK/AMD)

**OPINION**

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion (Doc. 19) of Americans United for Separation of Church and State ("Americans United") for Leave to Appear Amicus Curiae. For the reasons expressed herein, Americans United's motion is DENIED.

**I.     BACKGROUND**

Plaintiffs in this action, which include four churches in southern New Jersey and their pastors, allege that Defendants, New Jersey state officials, violated several constitutional rights by implementing and enforcing Executive Orders ("EOs") pertaining to the COVID-19 pandemic. (Doc. 4-1 at 7.) Specifically, Plaintiffs allege that the EOs' restriction limiting indoor gatherings to 10 persons or less violates portions of the First and Fourteenth Amendment, as it limits Plaintiffs' ability to hold indoor worship services. (*Id*. at 7–8.) Plaintiffs argue that religious services of any size should be permissible, so long as congregants take recommended precautions such as wearing face coverings and remaining six feet apart. (*Id*.)

On May 26, 2020, Plaintiffs filed a motion for a temporary restraining order ("TRO"), asking the Court to restrain Defendants from enforcing prohibitions on Plaintiffs' religious services, practices, or activities at which the Center for Disease Control's social distancing guidelines are followed. (Doc. 4.) The same day, this Court denied the application for a TRO, but entered an Order requiring Defendants to show cause why a preliminary injunction should not issue. (Doc. 7.) Under the schedule presently set by this Court, Defendants are required to submit a brief by June 11, 2020, and a hearing on this matter is set for June 15, 2020. (Doc. 18.)

On June 3, 2020, Americans United filed its motion for leave to appear amicus curiae. (Doc. 19.) American United refers to itself as a "national, nonsectarian public-interest organization that is committed to preserving the constitutional principles of religious freedom and the separation of religion and government." (Doc. 19-1 at 11.) Its proposed amicus brief asserts that Plaintiffs' motion for a preliminary injunction should be denied, arguing that Defendants' Executive Orders do not amount to a constitutional violation, and are properly tailored to achieve public health goals.

Plaintiffs oppose Americans United's motion, arguing that: New Jersey state officials are adequately capable of defending themselves in this suit; Americans United has no unique information to provide the Court; and requiring Plaintiffs to respond to Americans United at this early stage in the case will unnecessarily burden Plaintiffs. (Doc. 21.)

## II.   LEGAL STANDARD

When addressing a motion to appear as amicus curiae, district courts are "guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29, which governs the appearance of amici in the circuit courts." *Granillo v. FCA US LLC*, Civ. No. 16-153, 2018 WL 4676057, at *4 (D.N.J. Sept. 28, 2018) (citing *U.S. v. Alkaabi*, 223 F.Supp.2d 583, 592 (D.N.J. 2002)). However, "[a]t the trial level, where issues of fact as well as law predominate, the aid of

amicus curiae may be less appropriate than at the appellate level." *Alkaabi*, 223 F.Supp.2d at 592. Courts thus "consider the following factors in deciding whether to grant amicus status: whether (1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Granillo,* 2018 WL 4676057, at *4 (quoting *Prof'l Drug Co. Inc. v. Wyeth Inc*., Civ. No. 11–5479, 2012 WL 4794587 at *1 (D.N.J. 2012)). "Whether to grant amicus status is within the broad discretion of the district court." *Granillo*, 2018 WL 4676057, at *4 (internal quotations omitted).

## III.   DISCUSSION

Upon consideration of the relevant factors, the Court declines to grant amicus status to Americans United.

### i.   Interest in the Case

"When evaluating a potential amici's proffered interest in a case, the court looks to whether its 'interests which would be ultimately and directly affected by the court's ruling on the substantive matter before it.'" *Granillo,* 2018 WL 4676057, at *5 (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)). "The potential amici must show more than simply 'a generalized interest in all cases' of a similar subject matter." *Id.* (citing *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)).

Here, Americans United does not show more than a "generalized interest" in cases of this subject matter – it readily explains that it has submitted 21 amicus briefs in similar cases pending throughout the country. (Doc. 19 at 3.) Thus, "[a]lthough the Court acknowledges the sincerity of Proposed Amici's concerns, they, nonetheless, do not qualify as 'special interests' that would weigh in favor of granting amici status." *Granillo,* 2018 WL 4676057, at *5 (denying amici status

to a consumer group that regularly filed similar amicus briefs in cases of similar subject matters, noting that this was "precisely the type of generalized concern that is not, by itself, sufficient to grant amicus status").

### ii.      Whether the Interest is Represented Competently

Courts generally "tend to reject [a] proposed amicus brief when parties are adequately represented by competent counsel." *Granillo,* 2018 WL 4676057, at *5 (internal quotation omitted). Defendants here—New Jersey state officials—are clearly not lacking in competent legal representation, nor does Americans United argue as such. Accordingly, this factor also weighs against granting amicus status. *See Price v. Corzine*, Civ. No. 06-1520, 2006 WL 2252208, at *3 (D.N.J. Aug. 7, 2006) (denying amicus status upon noting that assistance from proposed amicus was "unnecessary because Plaintiffs are adequately represented by competent counsel").

### iii.      Whether the Information is Timely and Useful

"[C]ourts would be inclined to accept the amicus brief if it aided in the determination of the issues in a case, as the purpose of an amicus curiae is to assist the court in a proceeding." *Granillo,* 2018 WL 4676057, at *5 (quoting *McDonough v. Horizon Healthcare Servs., Inc*., Civ. No. 09-571, 2014 WL 3396097, at *12 (D.N.J. July 9, 2014), *aff'd sub nom*. 641 F. App'x 146 (3d Cir. 2015) (internal quotation omitted)).

Americans United argues that its proposed brief would be helpful to the Court because it provides case law and arguments on areas including: the proper standard of review for Plaintiffs' claims, whether the COVID-19 Orders survive a compelling-interest standard, whether the COVID-19 Orders violate the First Amendment, and whether granting a religious exemption would violate the Establishment Clause of the First Amendment. (Doc. 19 at 2–3.) It also offers an overview of the present landscape of cases involving religious challenges to COVID-19 Orders.

Although Americans United's brief covers a wide range of topics, it does not present any arguments or information that could not be provided just as readily by Defendants themselves. *Prof'l Drug Co. Inc*., 2012 WL 4794587, at *2 ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed.") (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997)). Defendants are presently litigating multiple cases in this district in which parties have brought religious challenges to COVID-19 EOs, and, as mentioned above, are entirely capable of providing relevant legal arguments and a similar overview of existing case law.[1] Thus, as the Court does not require further assistance, this factor does not provide a basis for granting amicus status. *See Hospira, Inc. v. Sandoz Inc.,* Civ. No. 09-4591, 2014 WL 794589, at *4 (D.N.J. Feb. 27, 2014) ("This Court requires no further assistance in this dispute and declines to grant [the petitioner] leave to file a brief as amicus curiae."); *see also Prof'l Drug. Co., Inc.,* 2012 WL 4794597, at *2 (denying amicus status, finding that "[p]laintiffs are represented by competent counsel who have ably addressed the relevant issues").

### iv.    Whether Americans United is Partial to a Particular Outcome

Finally, the Court considers the extent to which Americans United is partial to a particular outcome. "While the partiality of an amicus is a factor to be considered by a court in deciding whether to allow participation, there is no rule that amici must be totally disinterested." *Alkaabi,* 223 F. Supp. 2d at 592.

Here, Americans United is partial in that it opposes Plaintiffs' request for a preliminary injunction and supports Defendants' COVID-related restraints. This type of partiality does not

---

[1] In addition to this case, Defendants are also litigating similar issues in this Court in *Robinson v. Murphy*, docketed at 20-5420, and in *Clark v. Murphy,* docketed at 20-6805.

necessarily weigh against granting amicus status, as Americans United reportedly takes this stance in furtherance of general public health. (Doc. 19 at 2.) However, because the factors overall weigh against granting amicus status, Americans United's motion to appear as amicus curiae will nonetheless be denied. *Granillo,* 2018 WL 4676057, at *8 (finding that, although a petitioner's partiality did not weigh against amicus status, the factors overall nonetheless weighed towards denying amicus status).

## IV.   CONCLUSION

For the above reasons, Americans United's Motion for Leave to Appear Amicus Curiae (Doc. 19) is DENIED. An accompanying Order shall issue.

Dated: 6/9/2020                          /s/ Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge